CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

SEP 17 2009

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 3:04cr00093 |
| | ) | |
| v. | ) | **By: Hon. Norman K. Moon** |
| | ) | **United States District Judge** |
| ANTHONY WASHINGTON. | ) | |
| | ) | **2255 MEMORANDUM OPINION** |

Petitioner Anthony Washington, a federal inmate proceeding pro se, filed this "Motion for 60(b)" which the court construes as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.[1] By previous order, the court notified Washington of the court's intention to construe and address his petition as a § 2255 motion, unless he expressly objected within ten (10) days. See Castro v. United States, 540 U.S. 375 (2003) (requiring court to give petitioner opportunity to elect whether criminal motion be addressed as § 2255 motion). At the same time, the court notified Washington that his petition appeared to be untimely filed and gave him the opportunity to present any other information regarding the timeliness of his motion. Washington did not object to the court's construction and did not respond on the issue of timeliness. The court finds that Washington's motion is barred by the one-year state of limitations for filing a § 2255 motion, and, therefore, dismisses his motion as untimely pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.[2]

---

[1] The court notes that although Washington filed his motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the Federal Rules of Civil Procedure govern the procedure in the United States district courts in suits of a civil nature, not criminal cases. See Fed. R. Civ. P. 1, 81; United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999). (Federal Rule of Civil Procedure 60(b) does not provide for relief from a judgment in a criminal case.) Therefore, his motion pursuant to Rule 60(b) could not provide Washington the relief he seeks.

[2] Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, a district court may dismiss a § 2255 motion without requiring an answer if it plainly appears from the face of the motion, the annexed exhibits, and prior proceedings in the case that the movant is not entitled to relief.

## I.

On June 13, 2006, after a guilty plea pursuant to a written plea agreement, the court found Washington guilty of possessing cocaine base, in violation of 21 U.S.C. § 844, and possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The court sentenced Washington to a total term of 70 months incarceration. Washington appealed and the United States Court of Appeals for the Fourth Circuit affirmed his convictions on May 24, 2007. Washington then filed a petition for writ of certiorari, which the Supreme Court of the United States denied on October 1, 2007. Washington signed his § 2255 motion on January 21, 2009.

## II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255, sixth unnumbered paragraph. For purposes of the one-year limitations period, the defendant's conviction becomes final when the last appeal is taken, or the time to file such an appeal expires. See Clay v. United States, 537 U.S. 522, 528 (2003). Accordingly, Washington's conviction became final on October 1, 2007, when the Supreme Court of the United States denied his petition for certiorari review. Therefore, a timely § 2255 motion would have to have been filed by no later than October 1, 2008. Washington filed his motion on January 21, 2009. Despite being given the opportunity to amend his motion, Washington does not offer any evidence to show that he was in any way prevented from timely filing a § 2255 motion. Furthermore, he has failed to allege any facts to show any other circumstances that would toll or start the statute running anew.

2

Accordingly, the court finds Washington's motion untimely.

### III.

For the reasons stated, the court dismisses Washington's § 2255 motion to vacate, set aside, or correct sentence as untimely pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER:** This _17th_ day of September, 2009.

United States District Judge